# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONALD SATISH EMRIT | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GJH-17-2703 |
| HOLY CROSS HOSPITAL | * | |
| Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RONALD SATISH EMRIT | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GJH-17-2761 |
| HOLY CROSS HOSPITAL | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM OPINION

The above-captioned cases are identical in claims asserted and the relief sought. The latter-filed complaint was transferred to this Court from the United States District Court for the Southern District of West Virginia on September 15, 2017. *See* Civil Action GJH-17-2761 at ECF 5. Because the complaints are identical Civil Action GJH-17-2761 shall be consolidated for all purposes with Civil Action GJH-17-2703, with Civil Action GJH-17-2703 being the lead case. Because he appears to be indigent, Plaintiff's Motion to Proceed in Forma Pauperis shall be granted. For the reasons stated below, the complaint must be dismissed and the consolidated cases closed.

Plaintiff asserts the facts upon which his claims are based are that in May of 2017, he was admitted to Holy Cross Hospital because he was experiencing suicidal ideations, a result of an argument with family members. ECF 1 at p. 3. He further states that his maternal grandmother died in the same hospital and that he "believes that her premature death was not only untimely

but unnecessary." *Id.* He adds that at the time of his grandmother's death, in December, 2005, he considered filing a wrongful death lawsuit, but the statute of limitation had run before he could do so. *Id.*

Based on the "statement of facts" provided, Plaintiff raises claims of (1) intentional infliction of emotional distress (ECF 1 at pp. 3 – 5); and (2) "negligence (res ipsa loquitur) and negligence per se" *id.* at pp. 5 – 6. With regard to the first claim, Plaintiff asserts that the "intake staff at Holy Cross Hospital . . . was extremely rude to [him] when he first was 'checked in' to the triage part of the Emergency Room." *Id.* at p. 4. Plaintiff asserts that in light of the fact that he suffers from bipolar disorder, schizoaffective disorder, post-traumatic stress disorder, obsessive-compulsive disorder, and suicidal ideations, "intake staff should have been more pleasant" and should have refrained from interrogating him. *Id.* Plaintiff then makes observations about the status of the law regarding what is required to be committed to a psychiatric ward of a hospital; how the law differs among states; how the practice of lobotomies has been abandoned; and that institutionalized mental health patients have "always had the option of filing a writ of habeas corpus." *Id.* at p. 5.

With regard to the negligence claim, Plaintiff asserts that Holy Cross Hospital was "negligent" because it "did not even have its own psychiatric ward/insane asylum part of the hospital" and Plaintiff had to be "transported to the University of Maryland Midtown Campus in Baltimore, Md." ECF 1 at p. 5. Plaintiff states that if Holy Cross Hospital is required by state or federal statutes to have its own psychiatric ward, the failure to have one is negligence. *Id.* at p. 6. He states that the ambulance ride to University of Maryland "was unreasonably hot, humid, long, and . . . he almost choked during the ambulance ride due to the fact that he was not allowed to drink water or any fluids until he actually reached the psych ward." *Id.*

As relief, Plaintiff seeks damages in the amount of $250 thousand dollars and adds he "would also like to seek the equitable remedy of an injunction and/or specific performance mandating that the defendant allow [him] to be re-entered into a longer term program for health care for disabled people." *Id.* at pp. 6 – 7.

Plaintiff filed both complaints in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations [but] it must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual

3

allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . " Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court has thoroughly examined the complaint and finds that it is insufficient and does not comply with federal pleading requirements. Plaintiff references legal doctrine, statutes, and legal terms that do nothing to illuminate a cognizable claim. For example, he states that "a discussion of quantum meruit and unjust enrichment may also be applicable" because '[t]his contract does not have caveat emptor . . . provision." ECF 1 at p. 7. There is no discernible contract claim arising from the facts asserted. It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted). The only "claim" discernible from the pleading filed is that Plaintiff was dissatisfied with the lack of courtesy afforded him by the intake staff and did not want to be taken by ambulance to another facility. Such dissatisfaction does not state a federal cause of action, nor

does it raise even a suspicion that a viable cause of action has arisen on Plaintiff's behalf. By separate Order which follows, the complaint shall be dismissed and the consolidated cases closed.

10/11/2017
Date

/s/ George J. Hazel
GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE